**UNITED STATES of America,**
**Plaintiff,**

v.

**Cecil SWEENEY, Defendant.**

No. CR–2–74–29.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Feb. 6, 1975.

Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

Alfred W. Taylor, Milligan College, Tenn., for defendant.

## MEMORANDUM

NEESE, District Judge.

The defendant objected to the prosecution's witness Mr. Kenneth M. Whitlock, Jr. herein as an expert accountant to present charts and summaries of the records demonstrating the source of the facts and figures earlier admitted in evidence. The defendant claimed with some vigor that the opinions of this witness would invade the province of the jury. The Court overruled the objection, admonished the members of the jury in some detail that the decisions on the de-

**50**

fendant's guilt or innocence were solely theirs and not Mr. Whitlock's that they could accept or reject his calculations, and permitted him to testify.

█ The admission in evidence in a criminal proceeding for income tax evasion of the testimony of an expert witness consisting of computations, based on substantially the entire evidence in the record as to the defendant's probable income during the disputed periods is not objectionable as invading the province of the jury, where it is evident that the jury could not be misled into the notion that they must accept such calculations. *United States v. Johnson* (1942), 319 U.S. 503, 519–520, 63 S.Ct. 1233, 1241, 87 L.Ed. 1546, 1558 (headnote 10). " * * * [U]nquestionably the charts were admissible. * * *" *Noell v. United States*, C.A. 9th (1950), 183 F.2d 334, 339[7], certiorari denied (1951), 340 U.S. 921, 71 S.Ct. 352, 95 L.Ed. 665. The pre-testimonial admonitions of the Court, repeated in the post-trial instructions to the jury, " * * * leaves the jury free to exercise its untrammeled judgment upon the worth and weight of [the] testimony, and nothing [was] done to impair its freedom to bring in its verdict[s] and not someone else's * * *". *United States v. Johnson, supra*, 319 U.S. at 519, 63 S.Ct. at 1241, 87 L.Ed. at 1558.

The Court was of the opinion that the complex documentary evidence which had been presented to the jury herein justified the use of these illustrative summaries and charts to render the primary and independent proof more intelligible. However, as the charts exhibited were encumbered by conclusory captions,* the Court declined in its discretion, *Lloyd v. United States*, C.A. 5th (1955), 226 F.2d 9, 16–17 [16–18], the prosecuting attorneys' further request to allow smaller

versions thereof to be provided individually to the jurors.

█ The resulting testimony and other evidence was properly admitted herein.

---

* The charts were not exhibited to the Court before being presented in evidence. Had they been, the Court would have predicated their use upon the deletion of these captions therefrom, *Lloyd v. United States, supra*, 226 F.2d at 17, so that the expert's testimony would have related to his conclusions from his mathematical computations.